UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LEVANTE WASHINGTON,**
              **Plaintiff,**

v.                                       **Case No. 08-C-514**

**SANDRA McCLARY, et. al.,**
              **Defendants.**

## ORDER GRANTING MOTION TO AMEND COMPLAINT AND DENYING MOTION FOR APPOINTMENT OF COUNSEL

On June 12, 2008, Levante Washington ("Washington") proceeding pro se, filed a complaint against the defendants. Accompanying his complaint was a motion for leave to proceed in forma pauperis and a motion to appoint counsel. Because the court was unable to discern the precise nature of Washington's complaint, the court permitted Washington to amend his complaint within 30 days. Washington did so and on August 20, 2008, the court granted Washington's motion to proceed in forma pauperis and denied without prejudice his motion for appointment of counsel. The defendants answered the amended complaint on October 20, 2008.

**MOTION TO AMEND COMPLAINT**

On November 25, 2008, Washington filed a motion seeking to again amend his complaint. Because the defendants answered Washington's complaint, under Federal Rule of Civil Procedure 15(a)(2), a subsequent amendment requires either the opposing parties' written consent or leave of the court. Although Washington does not appear to have received the defendants' written consent to his filing an amended complaint, nonetheless, the defendants did answer Washington's proposed amended complaint and in doing so, did not voice any objection to Washington being permitted to file it. Having reviewed Washington's proposed amendment, the court concludes that the interests of justice are served by permitting Washington's amendment.

Washington's proposed amended complaint is not, by itself, a full complaint. Rather, he simply outlines additional factual allegations and claims that he seeks to add to his prior complaint. Although this sort of split pleading is ordinarily disfavored by the court and generally a litigant seeking to amend his complaint must submit a complete complaint that includes all the elements of his prior complaint that he seeks to retain as well as the elements he seeks to add, because Washington is proceeding pro se, the court shall accept this split pleading. Washington's complaint shall consist of Docket Numbers 5 and 18. Likewise, the defendants' answer shall consist of Docket Numbers 11 and 22. Although the defendants were premature, responding to Washington's proposed amended complaint before the court granted him leave to file it, the court shall nonetheless accept the defendants' answer, (Docket No. 22).

**MOTION TO APPOINT COUNSEL**

Washington has renewed his motion for appointment of counsel, which this court previously denied without prejudice. In this motion, Washington states, "The plaintiff has made a reasonable attempt to secure private counsel on his own, with no success." (Docket No. 24.) He provides no further explanation of the efforts he has made.

> As this court noted in its prior order,
>
> although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir.2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir.1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).
>
> (Docket No. 6.)

It is important to emphasize that when it comes to finding attorneys for litigants who are proceeding pro se in federal court the court's authority is limited to simply requesting an attorney to represent an indigent litigant; the court has no authority to compel an attorney to represent a litigant. Pruitt, 503 F.3d at 653. Therefore, in reality, this court has no authority to actually "appoint" an attorney for a civil litigant, but rather the court's role is limited to essentially "recruiting a volunteer." Id. at 654. Further, the court lacks any resources to compensate an attorney for his or her time and thus, any attorney who agrees to represent a civil litigant at the request of this court will do so without compensation for those efforts.

The court finds that Washington's conclusory statement that he made a "reasonable attempt" to secure counsel to be insufficient. In order to establish his threshold burden of making reasonable efforts, Washington must present details of his efforts. For example, how many attorneys did he contact? Were these attorneys who specialized in his type of claim? Did he explore the option of obtaining counsel on a contingency fee basis? Did he contact organizations that specialize in providing legal services to people who may not be able to afford an attorney?

The State Bar of Wisconsin has a Modest Means referral program where persons with income too high to qualify for free legal services but too low to pay a lawyer's standard rate may receive legal counsel at a substantially reduced rate. Information about this program, including income eligibility requirements, and an application form can be found at http://www.legalexplorer.com/lawyer/lawyer-notafford.asp. Alternatively, more information about this program is available by calling 1-888-529-7599.

If a litigant lacks the means to pay for an attorney through the Modest Means program, he may be able to obtain counsel at no charge through an organization such as Legal Action of Wisconsin, Inc., or Legal Aid Society of Milwaukee. Each of these organizations has its own income eligibility requirements.

**Legal Action of Wisconsin, Inc.**:
>http://www.badgerlaw.net
>Milwaukee Office, 230 W. Wells Street, Room 800, Milwaukee, WI, 53203, 414-278-7722 or 1-888-278-0633;
>Racine Office, 4900 Spring Street, Suite 100, Racine, WI 53406, 262-635-8836.

**Legal Aid Society of Milwaukee**:
>http://www.lasmilwaukee.com
>521 North 8th Street
>Milwaukee, Wisconsin 53233
>414-727-5300

Finally, a litigant may be able to retain counsel who is willing to represent him on a contingency fee basis. Under such an arrangement, an attorney recovers a portion of any money that the plaintiff recovers; if the plaintiff does not recover anything, the plaintiff does not pay any attorney's fees. Referral services, such as the Lawyer Referral Information Service of the State Bar of Wisconsin will be able to direct a litigant to an attorney who may be willing to take an employment discrimination case on a contingency fee basis. This referral process may be completed online at http://www.legalexplorer.com/lawyer/lawyer-hire.asp, or by calling 1-800-362-9082.

**IT IS THEREFORE ORDERED** that Washington's motion to amend his complaint, (Docket No. 18), is **granted**.

**IT IS FURTHER ORDERED** that Washington's motion for appointment of counsel, (Docket No. 24), is **denied without prejudice**.

Dated at Milwaukee, Wisconsin this 13th day of February, 2009.

>s/AARON E. GOODSTEIN
>U.S. Magistrate Judge